## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. FRANKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00794-JPG |
| ) | |
| ANDREW KRUMP, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jared Franke, who is currently confined at Chester Mental Health Center, filed a collection of miscellaneous handwritten documents in the United States District Court for the Southern District of Illinois on August 18, 2020. (Doc. 1). This case was opened as a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed a Motion for Leave to Proceed *in forma pauperis*, which was granted on October 2, 2020. (Doc. 12). This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court is unable to screen this matter because Plaintiff did not file a proper complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id.*, Advisory

1

Committee Notes, 1937 Adoption.  The miscellaneous motions and other documents do not constitute a proper complaint.  (Doc. 1).

Each motion includes a heading for the "United States Court of Appeals" and uses separate case captions listing different parties.  Plaintiff labeled some documents as a "Motion Filed For Excessive Force of a Peace Officer / Police Brutality Against Plaintiff (sic) Officer Andrew Krump" and others as a "Motion to Drop Charges" against Plaintiff.  (Doc. 1, p. 1).  In the "Motion Filed For Excessive Force," Plaintiff asserts a claim against *Officer Krump* for using excessive force against Plaintiff.  (*Id*. at 1, 3-4).  In the "Motion to Drop Charges," Plaintiff challenges state criminal charges brought against *him* for assaulting Officer Krump.  (*Id*. at 2, 5-6).  Plaintiff includes a letter to a judge.  (*Id*. at 7-8).  He also includes Monroe County Criminal Complaint No. 2020-CF-103 that describes the charges against him.  (*Id*. at 9-11).  It is altogether unclear what he seeks to accomplish with his motions.

Although *pro se* litigants are not held to the same standards as licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are also not entitled to general dispensation from the rules of civil procedure.  *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system.  Without a complaint, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  Plaintiff has failed to disclose any jurisdictional basis for his claims, and the Court will not engage in a guessing game.

Accordingly, the Complaint shall be dismissed for failure to state any claim for relief.  The Clerk's Office shall be directed to provide Plaintiff with a blank civil rights complaint form; Plaintiff may use the form to prepare a First Amended Complaint under Section 1983 against

Officer Krump for using excessive force against him.  The Clerk's Office shall also provide Plaintiff with a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; Plaintiff may use the form to prepare a separate federal habeas action to request release from pretrial custody if he would like to do so.  *See Jacobs v. McCoaughtry*, 251 F.3d 596, 597 (7th Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).  Plaintiff should pursue any other challenges to the pending criminal charges by filing a motion in his pending state criminal case.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief.  The Clerk of Court is **DIRECTED** to send Plaintiff a blank Section 1983 Civil Rights Complaint form and a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Plaintiff is granted leave to file a First Amended Complaint *in this case* using the blank Section 1983 Civil Rights Complaint form, if he would like to pursue his excessive force claim against Officer Krump.  If he would like to request release from pretrial custody, Plaintiff should use the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to do so, and he must file the Section 2241 Petition as a *separate action* in this district.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case on or before **December 1, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for

use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00794-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 11/5/2020                                  s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**