IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED M. FRANKE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00794-JPG |
| ) | |
| **ANDREW KRUMP,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Jared Franke, a former detainee at Chester Mental Health Center. (Doc. 17). Plaintiff complains that his constitutional rights were violated when he was beaten and bloodied during his arrest. (*Id*. at 6-7). The Columbia Police Department also seized his car. (*Id*.). Plaintiff seeks monetary relief. (*Id*. at 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following two counts in the *pro se* First Amended Complaint:

1

>   **Count 1:**    Fourth Amendment claim against Defendant for using unreasonable force against Plaintiff incident to his arrest on an undisclosed date in an undisclosed location.
>
>   **Count 2:**    Fourth Amendment claim against Defendant for seizure of Plaintiff's car incident to his arrest.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." *See* U.S. CONST. amend IV. To prevail on a claim for an unlawful search or seizure under the Fourth Amendment, the standard is reasonableness. *Soldal v. Cook County*, 506 U.S. 56, 70 (1992).

### Count 1

A claim that an officer used excessive force during an arrest is analyzed under the reasonableness standard established by the Fourth Amendment. *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). "Determining whether the force used to effect a particular [arrest] is 'reasonable' . . . requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). The question is whether "the totality of the circumstances justifie[s]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the seizure," *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985), with "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *Graham*, 490 U.S. at 396-97.

Plaintiff names Andrew Krump as the only defendant in the case caption, but he does not mention this individual in connection with his excessive force claim. Merely naming a person as a defendant is insufficient to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). To state a claim against the officer, Plaintiff is not only required to name Krump as a defendant, but he is also required to provide a brief description of the defendant's misconduct in the statement of his claim. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). Having failed to mention him at all, the allegations support no excessive force claim against Krump.

**Count 2**

The reasonableness standard also applies to the Fourth Amendment claim arising from the seizure of Plaintiff's car incident to his arrest. *Soldal*, 506 U.S. at 70. The Fourth Amendment is not violated if the police had probable cause to believe that there were grounds to seize Plaintiff's vehicle; a seizure can be reasonable even if it was completed without a warrant. *See Florida v. White*, 526 U.S. 559 (1999) (holding that Fourth Amendment did not require police to obtain a warrant before seizing automobile from public place when they had probable cause to believe that it was forfeitable contraband).

Plaintiff names no person in connection with this claim. He alleges that the "C. Police Dpt." seized his car. (Doc. 17, p. 7). However, the "C. Police Dpt." is not a "person" subject to suit under Section 1983, and Krump is not named in connection with this claim. Moreover, Plaintiff sets forth virtually no allegations in support of the claim, in violation of Rule 8. *See* FED. R. CIV. P. 8(a)(2). Count 2 shall therefore be dismissed without prejudice.

The First Amended Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim. Plaintiff will have one final opportunity to file an amended complaint. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the Second Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, or using generic designations (*e.g.*, "John Doe"), if the name is unknown, in the case caption. Plaintiff should also include a description of how each Defendant violated his rights in the body of the amended complaint.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 17) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1** and **2** are **DISMISSED** without prejudice on these grounds.

**IT IS ORDERED** that Defendant **ANDREW KRUMP** are **DISMISSED** without prejudice because the First Amended Complaint fails to state any claim for relief against him. The Clerk's Office is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF and **SEND** Plaintiff a blank civil rights complaint form for use in preparing a Second Amended Complaint.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **May 18, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 20-cv-00794-JPG).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/21/2021**               s/J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**