IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED M. FRANKE,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00794-JPG |
| | ) |
| **ANDREW KRUMP,** | ) |
| | ) |
|       **Defendant.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On August 18, 2020, Jared Franke filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on November 5, 2020. (Doc. 15). Plaintiff filed a First Amended Complaint complaining of excessive force during his arrest. (Doc. 17). The First Amended Complaint also failed to survive Section 1915A review, and the Court dismissed it on April 21, 2021. (Doc. 20). Plaintiff was granted leave to file a Second Amended Complaint on or before May 18, 2021. (*Id.*). He was warned that failure to file a Second Amended Complaint by this deadline would result in dismissal of the action with prejudice and a "strike." (*Id.*) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

Plaintiff missed the deadline for filing a Second Amended Complaint on May 18, 2021. At least a week has passed since the deadline expired, and he did not seek an extension of time for filing it. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 20) to file a Second Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b). This dismissal counts as a "strike" under § 1915(g).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 20) to file a Second Amended Complaint and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the underlying First Amended Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 5/25/2021**                                        s/J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **United States District Judge**